UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Eva Christian, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| Diversified Consultants, Inc.; and DOES 1-10, inclusive, | COMPLAINT |
| Defendants. | |

For this Complaint, the Plaintiff, Eva Christian, by undersigned counsel, states as follows:

<u>JURISDICTION</u>

1.      This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

<u>PARTIES</u>

4.      The Plaintiff, Eva Christian ("Plaintiff"), is an adult individual residing in Hartford, Connecticut, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

1

5.      Defendant Diversified Consultants, Inc. ("Diversified"), is a business entity with an address of 10550 Deerwood Park Boulevard, Jacksonville, Florida, 32256-2805, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by Diversified and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      Diversified at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8.      The Plaintiff allegedly incurred a financial obligation (the "Debt") to original creditor (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.      The Debt was purchased, assigned or transferred to Diversified for collection, or Diversified was employed by the Creditor to collect the Debt.

11.      The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

2

B. <u>Diversified Engages in Harassment and Abusive Tactics</u>

12.     The Defendants called the Plaintiff repeatedly at least three times a week in an attempt to collect the alleged debt.

13.     The Defendants left numerous messages on the Plaintiff's home telephone and disclosed that they were debt collectors.

14.     The Defendants called the Plaintiff in an attempt to collect the alleged debt after the Plaintiff stated she was represented by an attorney.

15.     The Defendants failed to mail a debt validation letter to the Plaintiff.

C. <u>Plaintiff Suffered Actual Damages</u>

16.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

17.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

18.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

<u>COUNT I</u>

<u>VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.</u>

19.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20.     The Defendants' conduct violated 15 U.S.C. § 1692b(2) in that

Defendants informed third parties of the nature of Plaintiff's debt and stated that the Plaintiff owed a debt.

21.    The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

22.    The Defendants' conduct violated 15 U.S.C. § 1692c(a)(2) in that Defendants contacted the Plaintiff after having knowledge that the Plaintiff was represented by an attorney.

23.    The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

24.    The Defendants' conduct violated 15 U.S.C. § 1692g(a)(1) in that Defendants failed to send the Plaintiff a validation notice stating the amount of the Debt.

25.    The Defendants' conduct violated 15 U.S.C. § 1692g(a)(2) in that Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the Debt was owed.

26.    The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the Debt within thirty days.

27.    The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff.

4

28.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(5) in that Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor.

29.     The Defendants' conduct violated 15 U.S.C. § 1692g(b) in that Defendants continued collection efforts even though the Debt had not been validated.

30.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

31.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

32.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33.     The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes...upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

34.     Connecticut further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated Connecticut state law.

35.     The Defendants intentionally intruded upon Plaintiff's right to privacy

by continually harassing the Plaintiff with phone calls to her home.

36.     The telephone calls made by the Defendants to the Plaintiffs were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

37.     The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

38.     As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

39.     All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants is subject to punitive damages.

## COUNT III

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

40.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

41.     The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

42.     The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Connecticut.

6

43.    All acts of the Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to imposition of punitive damages.

## COUNT IV

## COMMON LAW FRAUD

44.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45.    The acts, practices and conduct engaged in by the Defendants and complained of herein constitute fraud under the Common Law of the State of Connecticut.

46.    The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants. All acts of the Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

1.   Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2.   Statutory damages of $1,000.00 pursuant to 15 U.S.C.

§1692k(a)(2)(A) against the Defendants;

3.   Costs of litigation and reasonable attorney's fees pursuant to 15

U.S.C. § 1692k(a)(3) against the Defendants;

4.   Actual damages from the Defendants for the all damages

including emotional distress suffered as a result of the

intentional, reckless, and/or negligent FDCPA violations and

intentional, reckless, and/or negligent invasions of privacy in an

amount to be determined at trial for the Plaintiff;

5.   Punitive damages; and

6.   Such other and further relief as may be just and proper.

TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: July 16, 2010

Respectfully submitted,

By

Sergei Lemberg, Esq.
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (877) 795-3666
Attorney for Plaintiff